UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
ANDREW C. GUEST,

                         Plaintiff,                                13-CV-156 (CS)

               -against-                     **ORDER TO AMEND**
MT. VERNON POLICE DEP'T, *et al.*,

                        Defendants.
---------------------------------------------------x

Seibel, J.:

        Plaintiff, currently detained at Elmira Correctional Facility, is proceeding *pro se* and *in forma pauperis*.  Plaintiff filed this complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights.  For the following reasons, the Court directs Plaintiff to submit an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b) and § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**BACKGROUND**

Plaintiff alleges that Mt. Vernon police officers assaulted and arrested him for participating in a demonstration "at 3rd Street between 3rd and 4th Ave." on November 29, 2010. Named as Defendants are: the Mt. Vernon Police Department; P.O. Francis Kozakiewicz, Shield# 2014; P.O. K. Miller; P.O. Cunningham; P.O. Dimaise; and P.O. Pedro Gutierrez. Plaintiff alleges that Officer Kozakiewicz dragged him along the ground by his neck; however, he does not allege how the other Defendants were involved in what occurred.  It is not clear whether the arrest led to conviction.

**DISCUSSION**

The Mt. Vernon Police Department

Plaintiff's claims against the Mt. Vernon Police Department cannot proceed because it is not an entity that can be sued.  Under Fed. R. Civ. P. 17(b)(3), a party's capacity to be sued is determined by the law of the forum state.  *See Marte v. New York City Police Dep't*, 10 Civ. 3706, 2010 WL 4176696 (S.D.N.Y. Oct. 12, 2010).  New York law provides that municipal departments such as the Mt. Vernon Police Department, "which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."  *Fanelli v. Town of Harrison*, 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999) (citing cases); *see also Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the Lynbrook Police Department).  Ordinarily I would permit Plaintiff to correct this error by amending to substitute the municipality – the City of Mount Vernon – as a Defendant, but the complaint does not contain any allegations suggesting municipal liability.  A municipality can only be held liable under § 1983 for violations committed pursuant to an official policy, custom, or practice.  *See Mayo v. Co. of Albany*, 357 F. App'x 339, 341 (2d Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91

(1978)).  Plaintiff does not allege that these events arose from a policy, custom, or practice.
Accordingly, the claims against the Mount Vernon Police Department are dismissed.  Plaintiff
may file Amended Complaint adding the City of Mount Vernon as a Defendant only if he states
facts in his Amended Complaint plausibly suggesting that the alleged violation occurred as a
result of an  official policy, custom or practice of that City.  Mere allegations or conclusions will
not suffice.

<u>Section 1983</u>

To obtain damages under § 1983, Plaintiff must allege how each Defendant was directly
or personally involved in the alleged constitutional deprivation.  *Farrell v. Burke*, 449 F.3d 470,
484 (2d Cir. 2006).  Plaintiff provides facts about P.O. Francis Kozakiewicz's involvement in
what occurred, however, he fails to explain what the other Defendants did or failed to do that
violated his constitutional rights.  Plaintiff is his Amended Complaint must either provide facts
explaining why the other individuals he names should be held liable for what took place, or he
should drop them as Defendants.

<u>False Arrest</u>

It is not clear whether Plaintiff is asserting a false arrest claim.  To state such a claim,
Plaintiff must allege that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff
was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4)
the confinement was not otherwise privileged."  *Curry v. City of Syracuse*, 316 F.3d 324, 335
(2d Cir. 2003) (alteration in original); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.
1995).  An arrest or imprisonment is privileged if probable cause existed.  *See Jocks v.
Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003).  A resulting conviction establishes the existence of
probable cause.  *See, e.g., Feldman v. Lyons*, 852 F. Supp. 2d 274, 279 (N.D.N.Y. 2012)
(conviction precludes claims for false arrest, false imprisonment and malicious prosecution).  In

his Amended Complaint, Plaintiff should explain the outcome of his arrest and provide any facts supporting a false arrest claim, should he intend to advance such a claim.

## **LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint as outlined above. Plaintiff must name as the defendants in the caption[1] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. In his statement of claim, Plaintiff must provide a short plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

(a) give the names and titles of all relevant persons;

(b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

(c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

(d) give the location where each relevant event occurred;

(e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

(f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation(s) occurred; *where* such violation(s) occurred; and *why* Plaintiff is entitled

---

[1] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach an additional page if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

4

to relief.  Plaintiff's amended complaint will completely replace, not supplement, his original complaint.

## CONCLUSION

The Mount Vernon Police Department is dismissed from the action.  Plaintiff is directed to file an Amended Complaint containing the information specified above.  The amended complaint must be submitted to this Court's *Pro Se* Office within sixty days of the date of this order, be captioned as an "**AMENDED COMPLAINT**," and bear the same docket number as this order.  An Amended Civil Rights Complaint form is attached to this order, which Plaintiff should complete as specified above.  No summons will issue at this time.  Once submitted, the Amended Complaint will be reviewed for substantive sufficiency, and then, if proper, the Court will order service.  If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
Cathy Seibel, U.S.D.J.


Dated: February 1, 2013
        White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's       Name_____
                  ID#_____
                  Current Institution_____
                  Address_____
                  _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.        Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.        In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.        Where in the institution did the events giving rise to your claim(s) occur?

_____

C.        What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

**What happened to you?**

D.        Facts:_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes _____    No _____    Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes _____    No _____    Do Not Know _____

     If YES, which claim(s)?
     _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes _____    No _____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes _____    No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
     _____

     1.     Which claim(s) in this complaint did you grieve?
      _____

      _____

     2.     What was the result, if any?
      _____

      _____

     3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
     _____
     _____
     _____
     _____

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:
      _____
      _____
      _____

_____
_____
_____

      2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">

**On
these
claims**

</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.     Docket or Index number _____
_____4.     Name of Judge assigned to your case_____
5.     Approximate date of filing lawsuit  _____
6.     Is the case still pending?  Yes _____  No _____
If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid black; display:inline-block">

**On
other
claims**

</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____  No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.     Docket or Index number _____
_____4.     Name of Judge assigned to your case_____
5.     Approximate date of filing lawsuit  _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number           _____

Institution Address       _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____